**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
Richard G. Rosenblatt
Ashley Hale
502 Carnegie Center
Princeton, New Jersey 08540
609.919.6600
*Attorneys for Defendant Devereux Foundation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONNA A. DECKER,<br><br>              Plaintiff,<br><br>   v.<br><br>THE DEVEREUX FOUNDATION, also d/b/a<br>DEVEREUX NEW JERSEY<br>COMPREHENSIVE COMMUNITY<br>RESOURCE,<br><br>              Defendants. | Civil Action No. 14-cv-1563(NLH)(AMD)<br><br>ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S  COMPLAINT<br><br>*Document filed Electronically* |

      Defendant Devereux Foundation ("Defendant" or "Devereux"), by and through its

attorneys, Morgan, Lewis & Bockius LLP, hereby responds to the allegations in the Complaint

of Plaintiff Donna A. Decker ("Plaintiff") in accordance with its numbered paragraphs as

follows:

**COUNT ONE: Retaliatory Discharge Pursuant to Conscientious
Employee Protection Act, N.J.S.A. 34:19-1 *et seq.***

      1.     Defendant admits that Plaintiff is an adult individual and, upon information and

belief, admits that she resides at 241 Lee Avenue, Township of Deptford, County of Gloucester,

State of New Jersey.

2.      Defendant admits that Devereux's headquarters and principal place of business is located at 444 Devereux Drive, Villanova, PA 19085 and that Devereux is incorporated in the Commonwealth of Pennsylvania.

3.      Defendant admits that it maintains an office located at 286 Mantua Grove Road, Building 4, West Deptford, New Jersey.

4.      Admitted.

5.      Admitted.

6.      The allegations in Paragraph 6 constitute conclusions of law to which no responsive pleading is required.

7.      The allegations in Paragraph 7 constitute conclusions of law to which no responsive pleading is required, except that Defendant admits that it employed Plaintiff within the State of New Jersey.

8.      Admitted.

9.      Defendant admits that Plaintiff received a raise in 2008.  Defendant admits that Plaintiff's duties included, but were not limited to, working with developmentally disabled individuals, and that Plaintiff on occasion worked overtime hours.  Defendant denies the remaining allegations in the Complaint.

10.      Defendant admits that Plaintiff received certification from the New Jersey Department of Human Services.

11.      The allegations in Paragraph 11 constitute conclusions of law to which no responsive pleading is required.

12.    Defendant admits that there are laws and regulations, including those promulgated by the State of New Jersey Department of Human Services, that govern certain aspects of programs run by Devereux.

13.    The allegations in Paragraph 13 constitute conclusions of law to which no responsive pleading is required.

14.    The allegations in Paragraph 14 constitute conclusions of law to which no responsive pleading is required.

15.    Denied.

16.    Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16.

17.    Defendant admits, upon information and belief, that on May 4, 2012 Plaintiff tested a patient's blood sugar level, that the blood sugar level was 188, and that Plaintiff did not administer medication as required by the patient's medication prescription and instructions.  By way of a further answer, Defendant is without knowledge or information sufficient to form a belief as to why Plaintiff chose not to administer insulin.

18.    Defendant admits that Plaintiff received a Counseling/Corrective Action Record on or about May 24, 2012, but avers that the Counseling/Correction Action Record is a document that speaks for itself, and therefore no responsive pleading is required.

19.    Defendant admits that Plaintiff filed a grievance on or about June 11, 2012, but avers that the grievance is a document that speaks for itself, and therefore no responsive pleading is required.

20.    Defendant admits that Defendant provided Plaintiff with a memorandum regarding her Final Written Counseling Grievance on or about July 5, 2012, but avers that the

memorandum is a document that speaks for itself, and therefore no responsive pleading is required.

21.     The allegations in Paragraph 21 constitute conclusions of law to which no responsive pleading is required.

22.     The allegations in Paragraph 22 constitute conclusions of law to which no responsive pleading is required.

23.     The allegations in Paragraph 23 constitute conclusions of law to which no responsive pleading is required.

24.     Denied.

25.     Defendant admits that Plaintiff received Blood Glucose Meter and NovoLog Flex Pen training on or about December 12, 2012, but denies the remaining allegations in Paragraph 25.

26.     Admitted.

27.     Defendant admits that Plaintiff participated in an in-person meeting on January 11, 2013 and was terminated on January 17, 2013, but denies the remaining allegations in Paragraph 27.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Defendant is without knowledge or information sufficient to form a belief with respect to the allegations in Paragraph 31, but avers that Defendant mailed Plaintiff a copy of her termination letter.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the

WHEREFORE clause of the Complaint or to any other relief.

### COUNT TWO: Breach of Contract – Defendant's Procedural Memorandum Re: Medication Administration & Medication Disciplinary Statement

36.     Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

37.     Defendant avers that the Counseling/Corrective Action Record is a document that speaks for itself and therefore no responsive pleading is required.

38.     Defendant avers that the Defendant's Procedural Memorandum is a document that speaks for itself and therefore no responsive pleading is required.

39.     Defendant avers that the Defendant's Procedural Memorandum is a document that speaks for itself and therefore no responsive pleading is required.

40.     Denied.

41.     Denied.

42.     Defendant avers that the Defendant's Procedural Memorandum is a document that speaks for itself and therefore no responsive pleading is required.

43.     Defendant avers that the Defendant's Procedural Memorandum is a document that speaks for itself and therefore no responsive pleading is required.

44.     Defendant avers that the Defendant's Procedural Memorandum is a document that speaks for itself and therefore no responsive pleading is required.

45.     Defendant avers that the Defendant's Procedural Memorandum is a document that speaks for itself and therefore no responsive pleading is required.

46.     Defendant avers that the Defendant's Procedural Memorandum is a document that speaks for itself and therefore no responsive pleading is required.

47.     Denied.

48.     Denied.

49.     Denied.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of the Complaint or to any other relief.

**COUNT THREE: Breach of Contract – Defendant's Policy Memorandum re: Non-Retribution/Non-Retaliation Policy**

50.     Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

51.     Defendant avers that the Defendant's Policy Memorandum is a document that speaks for itself and therefore no responsive pleading is required.

52.     Denied.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding communications with Robert Finch.  By way of further response, Defendant avers that Plaintiff's grievance is a document that speaks for itself and therefore no responsive pleading is required.

54.     Defendant admits that Plaintiff received a Final Written Counseling in May 2012, but avers that Plaintiff's failure to follow Devereux's Standard Operating Procedure, her violation of Devereux's policy and standards of conduct, and her safety violation, with respect to

her treatment of a patient in January 2013, were grounds alone for her termination from employment.

      55.    Denied.

      56.    Denied.

      57.    Denied.

      58.    Denied.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of the Complaint or to any other relief.

Defendant objects to Plaintiff's demand for trial by jury to the extent Plaintiff seeks equitable remedies, as those remedies are to be decided by the Court.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that is not specifically admitted herein.

## SEPARATE DEFENSES

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is not entitled, on the law or the facts, to any of the damages that she claims.

## THIRD DEFENSE

Plaintiff has suffered no damages from the conduct alleged in the Complaint.

## FOURTH DEFENSE

Plaintiff's claims are barred or diminished to the extent she has failed to mitigate or minimize her damages, the existence of which are denied.

## FIFTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

## SIXTH DEFENSE

Defendant's actions with respect to Plaintiff were based on legitimate and non-retaliatory reasons.

## SEVENTH DEFENSE

Plaintiff's damages, if any, were solely and proximately caused by Plaintiff's own negligent, reckless, or intentional conduct.

## EIGHTH DEFENSE

Defendant acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against retaliation and otherwise exercised reasonable care to prevent and correct promptly retaliation to which Plaintiff claims she was subjected. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendant or to avoid harm otherwise.

## NINTH DEFENSE

If Plaintiff is able to prove any retaliation occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by one or more equitable defenses, including without limitation, the doctrine of laches, waiver, estoppel and/or unclean hands.

**ELEVENTH DEFENSE**

Although Defendant denies any wrongdoing, if any improper, illegal, or retaliatory acts were taken by any of Defendant's employees against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant.  Thus, any such actions were independent, intervening, and unforeseeable acts that cannot be attributed or imputed to Defendant.

**TWELFTH DEFENSE**

Insofar as Plaintiff seeks recovery for psychological and/or physical distress or injury based on Defendant's alleged conduct, such recovery is barred by the exclusive remedy provision of the New Jersey's Workers Compensation Law.

**THIRTEENTH DEFENSE**

Defendant cannot be liable for punitive damages because it has not engaged in any conduct of reckless, malicious or egregious nature, and because Defendant has engaged in good faith efforts to comply with all applicable statutes and laws.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**FIFTEENTH DEFENSE**

Defendants cannot be held liable on the ground that any complaint that Plaintiff allegedly made was not conscientious and not made in good faith.

## SIXTEENTH DEFENSE

Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

**WHEREFORE**, Devereux respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in its favor, together with the costs of this action, including reasonable attorneys' fees.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendant Devereux

Dated:  April 1, 2014

s/ *Ashley Hale*_____.
Richard G. Rosenblatt
Ashley Hale
502 Carnegie Center
Princeton, NJ 08540
609.919.6600
609.919.6701
rrosenblatt@morganlewis.com
ahale@morganlewis.com

## CERTIFICATE OF SERVICE

I, Ashley Hale, hereby certify that a true and correct copy of the foregoing Answer and Separate Defenses to Plaintiff's Complaint was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the District of New Jersey, and that I served the same via first class mail upon the following:

Kenneth A. Sandler
701 Westerly Drive
Marlton, New Jersey 08053

*Attorneys for Plaintiff*

s/ *Ashley Hale*
Ashley Hale